## KENSINGTON BANK v. WILKINSON ET AL.

December 13, 1837.

### *Case stated.*

A. being indebted to B., is discharged under the insolvent laws. After his discharge, B. obtains judgment against A., and arrests him on a *capias ad satisfaciendum*. A. instead of applying to be discharged from arrest, gives bond to take the benefit of the insolvent laws, but fails to do so, and B. sues out the bond: *Held*, the plaintiff is entitled to recover.

THE following case was stated for the opinion of the court. "John Wilkinson, one of the defendants, was indebted to the Kensington Bank, in the sum of 100 dollars for an over draft.

"The said John Wilkinson, was discharged by the insolvent laws—after such discharge, suit was brought against the said John. Judgment obtained, (prout record,) and the said John was arrested on a *capias ad satisfaciendum*.

"Being so arrested, the said John and Charles, executed a bond to the plaintiffs, conditioned that the said John should take the benefit of the insolvent laws, at September term, 1834, of the Court of Common Pleas, (prout bond.)

"The said John did not take the benefit according to the tenor and effect of the said bond. The question for the opinion of the court is, whether the plaintiffs are entitled to recover."

*Chew*, for plaintiff.
*Castor*, for defendant.

PER CURIAM.—The defendant had an opportunity to move for his discharge from arrest under the *capias ad satisfaciendum*, according to the 15th and 16th sections of the act of 16th June, 1836. (*Stroud's Purd. tit. Insolvents.*) Of that statutory remedy

[Kensington Bank v. Wilkinson et al.]

he failed to avail himself, but voluntarily gave the bond on which the suit is brought.    Under such circumstances, the bond is good under the statute, and the plaintiff is entitled to recover on it.

Judgment for plaintiff.